Appellant, Richard L. Clashman, appeals his conviction of gross sexual imposition of a minor which was entered in the Jefferson County Common Pleas Court. For the following reasons, the judgment of the trial court is affirmed.
 I. STATEMENT OF FACTS
On May 1, 1996, Mary Ann Donnelly of the Jefferson County Children's Services Agency received a referral regarding the alleged sexual abuse of six-year-old Sara by appellant, a sixty-year old man. Sara's mother had often allowed appellant to watch Sara when the mother exercised her weekend visitation rights. On June 11, 1996, Ms. Donnelly interviewed Sara and her father, with whom Sara lived. Ms. Donnelly concluded that appellant had sexually abused Sara and reported her findings to the Jefferson County Sheriff's Department.
Thereafter, Detective Sergeant Susan Bell called appellant and asked him to come to the Sheriff's Department. When appellant arrived, Detective Bell and Ms. Donnelly were waiting for him. After Detective Bell told appellant that he was being questioned regarding alleged sexual abuse and read appellant his rights, appellant signed the Miranda rights waiver form. Appellant proceeded to give an incriminating oral statement and then signed the subsequent written statement:
 "This statement is being written for Richard Leroy Clashman at his request by Mary Ann Smogor Donnelly.
 Sara [last name] was at my house in my bedroom. I was changing her clothes and after taking her clothes off I touched her penis/pussy with my finger and she says don't do that Dick. I said oh, that's not right. I'm sorry honey. I helped her pull up her clothes and we left. I really don't remember when this happened, it was a dumb thing to do. I never ever touched her after that."
The Grand Jury indicted appellant on one count of gross sexual imposition in violation of R.C. 2907.05 (A) (4). The indictment stated that the offense occurred "on or about April 1, 1996 and continuing through May 31, 1996." Because Sara did not know the exact date of the incident, the time frame was estimated by Ms. Donnelly after considering that she interviewed Sara on an unrelated matter on March 22, 1996, and she interviewed Sara about appellant on June 11, 1996.
Before trial, appellant filed a request for a Bill of Particulars. The state's response did not narrow the time frame but stated in pertinent part:
 "[O]n the date set forth in the sole count of the indictment, the defendant was watching Sara [last name], age six, while she was at his home. The defendant was changing her and after he had taken all her clothes off he touched her vagina."
Appellant's motion for a more definite statement as to the date of the alleged incident was denied. Appellant also filed a motion to suppress his incriminating oral and written statements. After a suppression hearing at which Detective Bell, Ms. Donnelly, and appellant testified, the court denied appellant's motion to suppress. Appellant further filed a notice of alibi which declared the following:
 "You are hereby notified that upon the trial of this action, assigned for trial on January 15, 1991 at 9:00 a.m., the Defendant will offer testimony on his behalf to establish an alibi and will thereby prove at the time of the commission of the alleged offense on or about April 1, 1996 through May 31, 1996, Defendant did not have the minor child Sara [last name], age six, in his care or custody."
In response to this notice of alibi, the state filed an order for a more definite statement, but appellant did not attempt to clarify his alibi defense. The court ruled that the notice of alibi was insufficient and thereby held that appellant was precluded from raising an alibi at trial.
A jury trial was held on January 15, 1997. During the trial, the time frame as to when the alleged offense occurred was narrowed to between March 22, 1996 and May 1, 1996, which was the date Ms. Donnelly received the referral regarding appellant. Appellant's neighbors testified that they did not see Sara at appellant's house during 1996. Neither Sara nor appellant testified at trial. At the close of the evidence, the state moved the court to instruct the jury on the lesser included offense of sexual imposition. The court denied the state's motion and neither party objected.
Ultimately, the jury found appellant guilty of gross sexual imposition. The court sentenced appellant to two years in prison. This appeal followed, wherein appellant alleges five assignments of error.
 II. ASSIGNMENT OF ERROR NO. ONE
Appellant's first assignment of error reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING APPELLANT'S MOTION FOR A MORE DEFINITE STATEMENT OF THE STATE'S BILL OF PARTICULARS IN THAT THE DENIAL DEPRIVED APPELLANT THE FAIR AND REASONABLE OPPORTUNITY TO PREPARE HIS DEFENSE."
Appellant claims that due to the inexact dates (on or about April 1, 1996 until May 31, 1996) provided by the state, he was unable to utilize an alibi defense because he could not account with specificity for his exact whereabouts over such a long period of time. The testimony revealed that the time frame would more properly have been stated as between March 22, 1996 and May 1, 1996. Appellant alleges that if the state would have disclosed this in the Bill of Particulars, then he could have made his notice of alibi more specific.
When a defendant requests a Bill of Particulars, the state must disclose the specific date of the alleged offense if it has such information. State v. Sellards (1985), 17 Ohio St.3d 169,171. Although the state was unaware of the specific date of the offense, it was at the very least aware that the time frame for said offense ended on May 1, 1996 (the date Ms. Donnelly received the referral), and not May 31, 1996 as set forth in the indictment. Accordingly, we must determine whether the state's failure to shorten the time frame created a material detriment to, or prejudiced appellant's ability to defend himself. Id. at 173; State v. Lawrinson (1990), 49 Ohio St.3d 238. See, also, State v. Hensley (1991), 59 Ohio St.3d 136.
The Supreme Court has held that a defendant was prejudiced where the state could have shortened the time frame in the indictment from thirty days to seven days.Lawrinson, supra at 240. However, this case is distinguishable because Lawrinson stood ready to submit affidavits and other evidence from his employers supporting the assertion that he could account for much of his time during those seven days. Id.
at 239.
On the contrary, neither appellant's notice of alibi nor his brief allege that he was on vacation or at work or doing anything at all during the forty day period representing the appropriate time frame. Before trial, appellant was given an opportunity to clarify his notice of alibi, yet he failed to do so. Both Crim.R. 12.1 and R.C. 2945.58 require a defendant who is presenting an alibi to file a notice which includes specific information as to the place at which defendant claims to have been at the time of the alleged offense. If the time of the alleged offense spans a long period and the defendant desires to present an alibi defense, he still has the burden of specifying where he was on as many of the dates as he can.
Moreover, the court did not prejudice appellant by precluding him from presenting an alibi defense because appellant's notice of alibi did not actually allege that he had an alibi. Rather, the defendant denied that Sara was at his home, the alleged crime scene, during the times specified in the indictment. At trial, appellant presented testimony that his neighbors did not see Sara at appellant's house at all during 1996. Since his defense was that Sara was not at his home in 1996, the state's failure to narrow the time frame from sixty to forty days was irrelevant. Furthermore, even if the state had narrowed the time frame, there is no indication that this information was material to appellant's defense, especially in light of the fact that his conviction is essentially based upon his confession to touching Sara at his home.
Under the specific facts of the case at bar, the state's failure to narrow the time frame did not prejudice appellant. Therefore, appellant's first assignment of error is overruled.
 III. ASSIGNMENT OF ERROR NO. TWO
Appellant's second assignment of error reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN DENYING HIS MOTION TO SUPPRESS STATEMENTS MADE AFTER HE AMBIGUOUSLY INVOKED HIS RIGHT TO COUNSEL."
At the suppression hearing, appellant claimed that after being Mirandized he asked if a lawyer was necessary and Detective Bell responded, "not now." Nonetheless, Detective Bell and Ms. Donnelly testified that it was not until appellant was asked to put his oral confession into writing that he asked if he should have an attorney, to which Detective Bell responded that it was completely up to appellant. Credibility of the witnesses is primarily a question for the trier of fact.State v. DeHass (1967), 10 Ohio St.2d 230, 231. This is due to the fact that the trier of fact occupies the best position from which to observe the demeanor of the testifying witnesses.Myers v. Garson (1993), 66 Ohio St.3d 610, 615. The trial court determined that the testimony of Detective Bell and Ms. Donnelly was more believable than that of appellant's. We refuse to, and indeed cannot, disagree with this credibility assessment for the reasons set forth in the foregoing authorities.
Appellant argues that even if the trial court appropriately found Detective Bell's and Ms. Donnelly's testimony to be more credible, his written statement should have been suppressed. Appellant urges this court to adopt the rule that once a suspect makes an ambiguous request for counsel, the interrogator must stop all questioning and clarify the suspect's request. However, the Ohio Supreme Court has set forth the following precedent:
 "If a suspect in a criminal investigation requests counsel at any time during the questioning, he is not subject to further interrogation until a lawyer is provided or the suspect reinitiates the interrogation. However, the invocation of the right to counsel requires, at a minimum, some statement that can reasonably be construed to be an expression of a desire for the assistance of an attorney. If the statement is ambiguous or equivocal in that a reasonable police officer in the light of the circumstances would have understood only that the suspect might be invoking the right to counsel, the cessation of questioning is not required." (Citations omitted and emphasis added). State v. Henness (1997), 79 Ohio St.3d 53, 63.
In Henness, the Ohio Supreme Court held that the statement, "I think I need a lawyer" is too ambiguous to require termination of the interrogation. Id. Moreover, the United States Supreme Court has held that the statement, "Maybe I should talk to a lawyer" is too ambiguous to require officers to terminate their questioning. Davis v. United States (1994),512 U.S. 452, 459. Likewise, appellant's inquiry into his need for an attorney followed by Detective Bell's response that it was appellant's choice, is not an unequivocal request for counsel requiring termination of the interrogation. Accordingly, appellant's second assignment of error is overruled.
 IV. ASSIGNMENT OF ERROR NO. THREE
Appellant's third assignment of error reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN OVERRULING HIS MOTION FOR ACQUITTAL AT THE CONCLUSION OF APPELLEE'S CASE."
Appellant argues that the court erred in denying his Crim.R. 29(A) motion for acquittal because the evidence was insufficient to support his conviction of gross sexual imposition. Whether or not the state's evidence is sufficient to support a verdict is a question of law dealing with adequacy. State v. Thompkins (1997), 78 Ohio St.3d 380, 386. This court must determine if, "after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Goff (1998),82 Ohio St.3d 123, 138, quoting State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. We will not overturn the jury's verdict unless we determine that reasonable minds could not find appellant guilty. See State v. Dennis (1997),79 Ohio St.3d 421, 430, citing Jenks, supra.
The essential elements of gross sexual imposition that apply to appellant's conviction are as follows: having sexual contact with one who is under thirteen years of age. R.C.2907.05(A)(4). Sexual contact is defined as "any touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person." R.C. 2907.01 (B).
Appellant claims that the state failed to establish that he touched Sara for the purpose of sexually arousing or gratifying her or himself. However, a defendant's motivation in touching a child's vagina can be inferred by a jury, particularly when that defendant apologizes to the child and says what he did was wrong after the child tells him to stop touching her. See,e.g., State v. Anderson (1996), 116 Ohio App.3d 441; State v.Stewart (1996), 111 Ohio App.3d 525; State v. Cobb (1991),81 Ohio App.3d 179. Accordingly, a reasonable trier of fact could conclude that appellant touched Sara with the requisite purpose. See State v. Schaim (1992), 65 Ohio St.3d 51. Appellant's third assignment of error is without merit.
 V. ASSIGNMENT OF ERROR NO. FOUR
Appellant's fourth assignment of error reads:
 "THE VERDICT OF GUILTY TO THE OFFENSE OF GROSS SEXUAL IMPOSITION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE AS A MATTER OF LAW."
Appellant's entire argument under this assignment of error revolves around testimony by witnesses that appellant touched Sara's vagina in order to apply medication on prior occasions. He claims that this evidence weighs heavily in his favor and lessens the implications of his written statement. However, Detective Bell testified that appellant initially used this as an excuse for Sara's accusations, before he made the incriminating statements and admitted to apologizing to Sara. Moreover, appellant's signed statement is more of a confession than an explanation about applying medication. The statement implies culpability by stating that he was wrong, that he was sorry, and that touching Sara was a dumb thing to do.
Furthermore, a reviewing court will not reverse a decision on manifest weight grounds unless, after evaluating the record and the witnesses' credibility and weighing the evidence and the inferences that can reasonably be drawn therefrom, the court determines that the jury "clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Thompkins, supra at 387, quoting State v. Martin (1983), 20 Ohio App.3d 172, 175. Appellant's signed statement, the testimony of Detective Bell and Ms. Donnelly as to appellant's oral statements, and Ms. Donnelly's rendition of her interview with Sara are pieces of evidence that weigh heavily against appellant. Therefore, sitting as the thirteenth juror in this case, we cannot disagree with the jury's finding that appellant is guilty of gross sexual imposition of a minor since said finding is supported by the evidence. Accordingly, appellant's fourth assignment of error is overruled.
 VI. ASSIGNMENT OF ERROR NO. FIVE
Appellant's fifth assignment of error reads:
 "THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN REFUSING TO INSTRUCT THE JURY ON THE LESSOR-INCLUDED [sic] OFFENSE OF SEXUAL IMPOSITION."
Appellant failed to ask the court for a lesser included offense instruction. It was the state who moved for such an instruction. When the court denied the state's motion, appellant did not object and so waived all but plain error. Pursuant to Crim.R. 52 (B), an error is not plain error unless the outcome of the trial clearly would have been different in the absence of the error. See State v. Cooey (1989), 46 Ohio St.3d 20,31. "Notice of plain error under Crim.R. 52 (B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id., citing State v. Long (1978), 53 Ohio St.2d 91,97.
Appellant contends for the first time on appeal that the court should have instructed the jury on misdemeanor sexual imposition in violation of R.C. 2907.06 (A) (1). The elements under this subsection of sexual imposition are as follows:having sexual contact with a victim, knowing that the contactis offensive to the victim or acting reckless in that regard. Once again, the elements of gross sexual imposition for which appellant was convicted are as follows: having sexual contactwith a victim who is under thirteen years of age. R.C. 2907.05
(A) (4). Appellant states that a jury could reasonably have found that he recklessly touched Sara, instead of purposely. However, appellant is confused as to how the mental state of purposely applies. Both gross sexual imposition and sexual imposition require that the offender commit the offense with purpose to sexually arouse or gratify either party. See R.C.2907.01 (B), defining sexual contact, which is an element of both offenses.
Moreover, appellant was not entitled to an instruction on sexual imposition because such an instruction is only required "where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." State v. Thomas (1988), 40 Ohio St.3d 213,216. See, also, State v. Raglin (1998), 83 Ohio St.3d 253. Failing to heed this rule will result in unreasonable "compromise verdicts." State v. Johnson (1988),36 Ohio St.3d 224, 228.
Because Sara was under thirteen, it was actually easier for a jury to find appellant guilty of gross sexual imposition than sexual imposition. (See the elements of the offenses,supra). That is, under no view of the facts could a jury have found appellant not guilty of gross sexual imposition but guilty of sexual imposition. Therefore, the trial court did not commit any error, let alone plain error, by refusing to give the instruction requested by the state. Appellant's last assignment of error is overruled.
For the foregoing reasons, the judgment of the trial court is affirmed.
Hon. Joseph J. Vukovich, Hon. Gene Donofrio, Hon. Cheryl L. Waite, JUDGES.
Donofrio, P.J., concurs.
Waite, J., concurs.
APPROVED:
 --------------------------- JOSEPH J. VUKOVICH, JUDGE