THE STATE OF OHIO, APPELLANT, *v.* LAWRINSON, APPELLEE.

[Cite as State *v.* Lawrinson (1990), 49 Ohio St. 3d 238.]

(No. 88-1935—Submitted December 6, 1989—Decided March 14, 1990.)

*Steven C. LaTourette,* prosecuting attorney, and *Ron Graham,* for appellant.

*Robert Troll Lynch,* for appellee.

*Gloria Eyerly* and *Roger Warner,* urging affirmance for *amicus curiae,* Ohio Assn. of Criminal Defense Lawyers.

*Mark R. DeVan, Patricia M. Walsh* and *David L. Doughten,* urging affirmance for *amicus curiae,* Cuyahoga Criminal Defense Lawyers Assn.

MOYER, C.J. The sole issue is whether the state must provide a more specific bill of particulars upon a proper request by the accused when the state possesses the information. We find that under the circumstances of this case, the state must provide a more specific bill of particulars.

In *State* v. *Sellards* (1985), 17 Ohio St. 3d 169, 17 OBR 410, 478 N.E. 2d 781, we stated in the syllabus that "[i]n a criminal prosecution the state must, in response to a request for a bill of particulars or demand for discovery, supply specific dates and times with

regard to an alleged offense where it possesses such information."

In *Sellards* we also stated that the purpose for giving a bill of particulars is "to elucidate or particularize the conduct of the accused," but not "to provide the accused with specifications of evidence or to serve as a substitute for discovery." *Sellards, supra,* at 171, 17 OBR at 412, 478 N.E. 2d at 784. It is understood that an indictment or information is not *per se* invalid when dates and times are not included if such information is not material to the conduct charged or necessary to the defendant in preparation of a defense, see R.C. 2941.05; *State* v. *Wilson* (1972), 29 Ohio St. 2d 203, 58 O.O. 2d 409, 280 N.E. 2d 915, and a certain degree of inexactitude in averments is not necessarily fatal to a prosecution in cases dealing with sex offenses against victims of tender years.

A trial court must consider two questions when a defendant requests specific dates, times or places on a bill of particulars: whether the state possesses the specific information requested by the accused, and whether this information is material to the defendant's ability to prepare and present a defense. See, also, *State* v. *Barnecut* (1988), 44 Ohio App. 3d 149, 542 N.E. 2d 353. If these two questions are answered in the affirmative, then the state must include the information in the bill of particulars.

In this case, the state apparently told the trial court that it did not possess information relating to the date the crime was committed that was more specific than the period January 1 to January 31, 1985. However, the record shows that in March 1985, Linda Mangelo gave a statement to the Wickliffe police in which she complained about improper conduct between defendant and her son, Jason. In that statement she specifically stated that she took Jason to the doctor on January 24, 1985, and that during this period of time Jason and her daughter Melissa had permission to play with defendant's daughter at defendant's house. Linda's son, Michael, was not mentioned in this statement. However, this date is significant to defendant's case because the crime with which he is charged allegedly occurred on a day in January 1985 when Linda took Jason to see the doctor.

In November or December 1985, Linda gave the police a second statement relating her knowledge of the incident between defendant and Michael, which she thought occurred on January 24 or 25. At trial, Linda testified that she remembered Michael lost his hat and mittens on that date, that he could not explain the loss, and that she punished him. She remembered these events because she also went shopping for a birthday present for Melissa, and had hired a babysitter. Linda's testimony substantially narrowed the time from that originally contained in the indictment to that as being "immediately anywhere in the 20th to the 27th" of January 1985.

Even though the state did not have the benefit of Linda's trial testimony at the time defendant requested a more specific bill of particulars, the state had access to both police reports or statements which Linda made in March and November or December 1985. This information made it possible for the prosecution to give a more specific bill of particulars as requested by defendant to at least the week of January 20 to 27, 1985.

The defendant stands ready to submit affidavits and other evidence from his employers supporting the assertion that he can account for much of his time during the week in question. Without a more specific bill of par-

ticulars identifying the week of January 20 through 27, 1985, defendant would be precluded from presenting his alibi defense and consequently prejudiced in the ability to defend himself. We decline, however, to compel the state to amend the bill of particulars to state the 24th and 25th of January 1985 as being the only dates on which the offense could have occurred. This is overly restrictive given the statements of Linda Mangelo.

The judgment of the court of appeals is affirmed and modified to the extent that, on remand for further proceedings, the state furnish defendant a bill of particulars identifying the week of January 20 through 27, 1985 as the dates on which the offense could have occurred.

*Judgment affirmed
as modified.*

SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.