OPINION
Appellant, Lucas Williams, appeals from judgment entries of the Ashtabula County Court of Common Pleas dated December 17, 1999, and January 3, 2000, in which he was found guilty of intimidation by unlawful threat of harm in violation of R.C. 2921.04(B), and a violation of post-release control pursuant to R.C. 2967.28(F)(4). For the violation of R.C. 2921.04(B), appellant was sentenced to two years imprisonment. For the violation of R.C. 2967.28(F)(4), appellant was sentenced to eight and a half months imprisonment.
Sonya Dyne ("the victim"), had alleged that she had been raped on July 5, 1999, by E.J. Lyons ("Lyons").[1] She testified, at appellant's trial, that on July 6, 1999, just one day after the alleged rape, she had received a phone call from appellant, who resided at the same address as Lyons. During the course of that phone conversation, appellant had asked for three thousand dollars to help get a friend out of jail. When the victim told appellant that she did not have three thousand dollars, he threatened to kill her.
Appellant was indicted on September 9, 1999 for a violation of R.C.2921.04(B). A jury trial was held from December 14 to December 17, 1999, and appellant was found guilty. Appellant filed motions for acquittal pursuant to Crim.R. 29 at the close of both the state's and appellant's cases. Both motions were overruled. Appellant has filed a timely appeal of his conviction and makes the following assignments of error:
 "[1.] The evidence produced at trial was insufficient to convict [appellant] of intimidation by unlawful threat of harm.
 "[2.] [Appellant] was deprived of his right to effective assistance of counsel pursuant to the sixth
and fourteenth amendments to the United States Constitution and Article I, Section 10, of the Constitution of the State of Ohio when trial counsel failed to object to [appellee's] lack of specificity in the bill of particulars.
 Appellant raises three issues in his first assignment of error: (1) the bill of particulars provided by the state failed to satisfy the requirements of Crim.R. 7(E); (2) appellant's conviction was against the manifest weight of the evidence; and (3) there was insufficient evidence to convict appellant.
Crim.R. 7(E) states:
 "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."
 In State v. Sellards (1985), 17 Ohio St.3d 169, syllabus, the Supreme Court of Ohio held that "the state must, in response to a bill of particulars or demand for discovery, supply specific dates and times with regard to an alleged offense where it possesses such information." The court clarified it's holding in Sellards in State v. Lawrinson (1990), 49 Ohio St.3d 238, 239, noting that the validity of a bill of particulars that fails to mention specific dates, times, or places depends on "whether the state possesses the specific information requested by the accused, and whether this information is material to the defendant's ability to prepare and present a defense."
In the instant case, the indictment stated only that "[o]n or about the 6th day of July 1999, in the City of Conneaut, Ashtabula County, Ohio, one LUCAS WILLIAMS, did knowingly and by unlawful threat of harm to another, attempt to influence, intimidate or hinder the victim of a crime in the filing or prosecution of criminal charge, namely: a juvenile female." The bill of particulars, contrary to appellant's assertion that it merely reiterated the language of the indictment, provided considerable detail as to the conduct from which the charge arose, including the following language:
 "On or about July 6, 1999 through July 9, 1999, defendant phoned Sonya Dyne at her residence. Her brother Mitch Eaton answered the phone. The caller identified himself as Lucas and requested Sonya to come to the phone.
 "Sonya is familiar with Lucas Williams and recognized his voice on the phone. Lucas Williams is allegedly the best friend of E.J. Lyons, the defendant in a rape charge stemming from several days before. This rape charge involved the same victim as in this case. Then the defendant requested the victim to provide him with $3,000.000 [sic] to get his best friend out of jail. The victim refused. The defendant then informed the victim that he would kill her, he would really kill her he continued these threats until the victim hung up."
 The state, however, failed to provide a specific date and time for the occurrence of the alleged crime. Pursuant to Lawrinson, there is a two-prong test to determine if this failure on the part of the state was material. The state's failure was material if (1) the state possessed more specific information regarding the date and time of the alleged crime at the time it filed the bill of particulars; and (2) if the failure to provide this information impeded appellant's ability to prepare his defense. Lawrinson, 49 Ohio St.3d, at 239.
With respect to the first prong of the test, we would note that the state subpoenaed the phone company for the records of outgoing calls from appellant's residence on September 24, 1999, the same day that it filed its bill of particulars. Therefore, it would appear that when the state filed its bill of particulars, it did not have in its possession the telephone records that it relied on at trial to pinpoint the exact time of the alleged crime. While the state might have had access to other sources of information, such as police reports, that could have provided it with more exact information regarding the time at which the alleged crime occurred, appellant has failed to direct this court's attention to those documents, and they are not a part of the record that is before this court.
Further, with respect to the second prong of the test, the lack of specificity in the bill of particulars does not appear to have hindered the preparation of appellant's defense. In fact, at trial, he presented two alibi witnesses who stated that appellant was not at 4903 Cornell Avenue, Ashtabula, at the time the threatening phone call was made.[2]
Therefore, we conclude that the bill of particulars provided to appellant was sufficient, and that the state adequately complied with Crim.R. 7(E).
The second issue raised by appellant in the context of his first assignment of error is whether the verdict of guilty was against the manifest weight of the evidence. In determining whether a verdict is against the manifest weight of the evidence, this court reviews the entire record, weighs all the evidence, and considers the credibility of witnesses. State v. Beaver (1997), 119 Ohio App.3d 385, 398; State v.Schlee (Dec. 23, 1994), Lake App. No. 93-L-082, unreported, at 5, 1994 WL 738452. After conducting this review, we will reverse the conviction only if we determine that the jury lost its way. Schlee, 1994 WL 738452, at 5.
In the case at bar, there was adequate, competent, credible evidence showing that appellant was present at the residence from which the phone call at issue was made on July 6, 1999. Janet Amstutz, an employee of the Ohio Adult Parole Authority testified that she visited appellant, at his residence, 4903 Cornell Avenue, Ashtabula, on the afternoon of July 6, 1999, sometime after lunch, but before dinner. Jenna Peck, a representative of Alltell Communications, testified that a phone call was made, on July 6, 1999 at 5:19 p.m., from 4903 Cornell Avenue, Ashtabula, to 593-4951, in Conneaut, the phone number of the victim. Mitch Eaton, the brother of the victim, testified that he answered the phone on July 6, 1999, and that a man, who said he was Lucas, asked to speak to his sister. The victim testified that she picked up the phone and that she recognized appellant's voice. She further testified that appellant told her that he wanted three thousand dollars to help get a friend out of jail. When she refused to give him the money, he told her: "I'm really going to kill you. I'm really going to kill you." The victim's mother, Sue Eaton, testified that after receiving this phone call, the victim was screaming and crying. The victim told her mother that Lucas had called and said three times that he was going to kill her.
Appellant introduced evidence that the victim had met appellant on only a few occasions and that appellant had spoken to her only briefly, calling into question the victim's ability to recognize appellant's voice. Appellant also presented testimony from two witnesses that appellant was not at his residence at the time that the phone call in question was made.
While contradictory evidence was presented at trial, having reviewed the record and the evidence presented, we conclude that the jury did not lose its way. Adequate, competent, credible evidence was presented at trial that, if believed by the jury, supported the verdict reached here.
The third issue raised by appellant within his first assignment of error concerns the sufficiency of the evidence. The test for sufficiency of the evidence is "`* * * whether after viewing the probative evidence and the inferences drawn therefrom in the light most favorable to the prosecution, any rational trier of fact could have found all the elements of the offense beyond a reasonable doubt. * * *'" Schlee, 1994 WL 738452, at 4, quoting Jackson v. Virginia (1979), 443 U.S. 307, 319. See, also, State v. Schaffer (1998), 127 Ohio App.3d 501, 503.
Appellant was convicted of a violation of R.C. 2921.04(B). The relevant statutory section provides that:
 "No person, knowingly and by force or by unlawful threat of harm to any person or property, shall attempt to influence, intimidate, or hinder the victim of a crime in the filing or prosecution of criminal charges * * *."
 Appellant contends that there is no evidence in the record that the telephone call made by appellant was an attempt to intimidate the victim with respect to prosecution of appellant's friend Lyons, because there were no references to the rape of the victim, or to the filing of charges or prosecution of the rape case against Lyons. We disagree.
In this case, the victim had accused Lyons of rape on July 5, 1999. The victim testified that she received a phone call on July 6, 1999, from appellant. According to her account of the events, during the course of that phone conversation, appellant told the victim that that he wanted to borrow three thousand dollars to get a friend out of jail. When the victim told him that she did not have three thousand dollar, appellant threatened to kill her. The victim's testimony is further supported by phone records that were presented at trial, indicating that a phone call was made from appellant's residence to the victim's residence on July 6, 1999, at 5:19 p.m.
The circumstances of the July 6, 1999 phone conversation can be summarized in the following manner: appellant had not previously called the victim at home; appellant and the victim had not previously had a disagreement; the victim had accused Lyons of rape on July 5, 1999; she knew that Lyons and appellant were best friends; appellant called the victim on July 6, 1999, one day after Lyons had been charged with rape based on accusations made by the victim; appellant told the victim that he wanted to get his friend out of jail; appellant then threatened to kill the victim. Given the totality of the circumstances, a reasonable person could infer appellant intended to intimidate the victim such that she would not testify against Lyons.[3]
The culpable mental element for a violation of RC 2921.04(B) is knowledge. 3 Lewis R. Katz and Paul C. Giannelli, Katz Giannelli Criminal Law 578-579, Section 110.4 (1996). The culpable mental element for RC 2921.04(A) is also knowledge. With respect to that section of the code, Katz and Giannelli noted that "[t]he victim or witness need not actually be intimidated or hindered; it is sufficient if the actor knowsthat his conduct is likely to hinder or intimidate." (Emphasis added.)Id. In the instant case, appellant must have known that by telephoning the victim, a teenage girl, and telling her repeatedly that he was going to kill her, he would likely intimidate her. In the view of this court, to present a reasonable implication of intimidation, no explicit threat needs to accompany the severed horse's head placed in the potential witness's bed or the dead canary in the shoe box. Certainly, there are defendants who are stupid enough to make a threat that explicitly promises dire consequences for the continued prosecution of a criminal case. However, we do not believe that the application of the statute was intended to be limited to them. In reviewing the evidence of the overall circumstances which was available to the jury, they could have found that Lyons made such a phone call. Once they determined that the call was a fact, the jury could draw the reasonable inference that appellant had to have had knowledge that the content of this call was likely to intimidate the victim in relation to her role in the prosecution of this crime.
Based on the foregoing, we conclude that there was sufficient evidence introduced at trial for a rational trier of fact to find beyond a reasonable doubt that appellant had attempted to intimidate the victim in order to prevent her from testifying against Lyons in violation of R.C.2921.04(B).
Having reviewed the three issues appellant raised with respect to his first assignment of error, we find that that assignment of error lacks merit.
In his second assignment of error, appellant argues that he received ineffective assistance of counsel because his trial attorney failed to object to appellee's failure to provide greater specificity with respect to the time, location, and specific conduct constituting the offense.
A two-part test has been established in Ohio for ineffective assistance of counsel. An attorney's performance will not be deemed ineffective unless: (1) his "performance is proved to have fallen below an objective standard of representation[;]" and (2) his client has suffered prejudice as a result of the attorney's performance. State v. Bradley (1989),42 Ohio St.3d 136, paragraph two of the syllabus. A client has suffered prejudice if he can establish a reasonable probability that, but for the alleged errors on the part of counsel, the outcome of his trial would have been different. State v. Martin (Dec. 6, 1996), Lake App. No. 95-L-139, unreported, at 5, 1996 WL 761215.
In Martin, we held that if an indictment is sufficiently clear, a failure to request a bill of particulars does not rise to the level of ineffective assistance of counsel. Id. In the instant case, a bill of particulars was requested by appellant's counsel, and it provided detailed information as to the charges that had been brought against appellant. While the bill of particulars did not provide the exact time of the alleged crime, it appears from the record that appellant's counsel obtained that information prior to trial, and that his failure to object to any inadequacies in the bill of particulars did not hamper his preparation for trial. We conclude that appellant has failed to satisfy either prong of the test for ineffective assistance of counsel; therefore, his second assignment
of error lacks merit.
For the foregoing reasons, we affirm the judgment of the trial court.
 ___________________________ JUDGE JUDITH A. CHRISTLEY
O'NEILL, P.J., concurs,
FORD, J., dissents with Dissenting Opinion.
[1] Lyons later pled guilty to a charge of gross sexual imposition.
[2] While this court lacks definite information as to the nature of the discovery process in the case sub judice, the state commented at trial that appellant was provided with the relevant phone records.
[3] At trial, appellant's defense was that he did not call the victim. Thus, he did not testify as to whether or not the purpose of any call was to intimidate the victim and thereby prevent her from testifying against Lyons.