OPINION
Defendant, Roy L. Cartwright, appeals from his multiple convictions for Rape and Gross Sexual Imposition, which were entered upon guilty verdicts returned after his trial by jury. Cartwright was sentenced to serve two life sentences, plus forty-three and a half years. He was also determined to be a sexual predator. Cartwright filed a timely notice of appeal.
The sole victim of Cartwright's offenses was his daughter, S., who was thirteen years old at the time of Cartwright's trial and testified as a witness for the State. She related facts portraying numerous sexual activities that Cartwright initiated and carried out on a regular basis, usually weekly, beginning when S. was nine years old. Also testifying for the State as expert witnesses were a psychologist, Dr. Brenda Ott, and a social worker, Lynda McCallister, each of whom had treated S. for sexual abuse problems.
Cartwright presents thirteen assignments of error. The first seven concern the expert witness testimony of Ott and McCallister. The remaining six concern various procedural issues.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ALLOWING THE SOCIAL WORKER TO TESTIFY AND OPINE AS AN EXPERT.
"[A]n expert's opinion testimony on whether there was sexual abuse would aid jurors in making their decision and is, therefore, admissible pursuant to Evid.R. 702 and 704." State v. Boston (1989), 46 Ohio St.3d 108,128. The witness may be any person who qualifies as an expert by knowledge, skill, training, or education, including a social worker who possesses those qualifications with respect to sexual abuse. Id.
"In testifying as to an opinion or inference, the expert may use facts or data perceived by her or admitted in evidence." Id., at pp. 119-120. These might include the alleged victims own statements describing the inception or general character of the cause or source of the sexual abuse when the statements were made for purposes of diagnosis or treatment by an alleged victim who is available for cross-examination at trial. Id.; State v. Vaughn (1995), 106 Ohio App.3d 775.
Before offering her opinion as to whether abuse took place, an expert should recite the facts upon which she relies. State v. Boston, supra. These may include her own perceptions of the alleged victim's statements and behavior. The expert may draw inferences from those perceptions that is relevant to any matter in issue, including the identity of the perpetrator. Id. Such evidence may bolster the victim's credibility, but it is not inadmissible on that account. State v. Stowers (1998),81 Ohio St.3d 259. Nevertheless, the witness may not opine that the victim is, in fact, credible. State v. Boston, supra.
The trial court is afforded a substantial degree of discretion in determining whether to permit expert testimony in a particular case. State v. Bidinost (1994), 71 Ohio St.3d 449 . Evid.R. 702(B) addresses the qualifications of a witness who may testify as an expert because of his knowledge, skill, training or education. Whether a witness qualifies as an expert is for the court to determine, pursuant to Evid.R. 104(A), and will be overturned only for an abuse of discretion. State v. Akwal (1996), 76 Ohio St.3d 324 . "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable." State v. Adams (1980),62 Ohio St.3d 151, 157.
McCallister testified concerning her education and training in social work. She also testified concerning her extensive experience in treating approximately one hundred child victims of sexual abuse. Such persons may be qualified by the court to testify as expert witnesses pursuant to Evid.R. 702 on the issue of sexual abuse. State v. Boston, supra. No abuse of discretion is demonstrated.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN NOT PROPERLY EXERCISING ITS "GATEKEEPING" FUNCTION BY ALLOWING THE SOCIAL WORKER TO BE QUALIFIED AND GIVE EXPERT TESTIMONY.
McCallister testified concerning her perceptions of S. during treatment, which did not involve scientific or technical testing or procedures. In that event, the "gatekeeping" functions embodied in Evid.R. 703(C)(1) to (3) do not apply. State v. Stowers, supra.
The second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE METHODOLOGY/PREDICATE/VOIR DIRE OF THE QUALIFICATION OF THE SOCIAL WORKER/EXPERT WAS IMPROPER.
After eliciting testimony from McCallister concerning her education and experience, the State asked the court to qualify McCallister "as an expert in the area of social work and specifically in working with children who have experienced sexual abuse." (T. 312). The trial court deferred ruling on the State's motion pending any objections to McCallister's testimony. Cartwright argues that the State should have proffered the evidence it would offer through McCallister and that he should have been given the opportunity to voir dire McCallister on her qualifications as an expert before she testified further.
The State had no duty to proffer the evidence it intended to offer through McCallister's testimony. The statement the prosecutor made, quoted above, was sufficient to inform the court of the matter about which McCallister would testify as an expert, permitting the court to determine whether those were proper matters for expert witness testimony per Evid.R. 702(A).
The further issue is whether McCallister was qualified to testify as an expert according to the standards imposed by Evid.R. 702(B), which requires that:
 the witness is qualified as an expert by specialized knowledge, skill, experience, training, or education regarding the subject matter of the testimony.
Whether a witness is qualified to testify as an expert is for the trial court to determine pursuant to Evid.R. 104(A), and may be overturned only for an abuse of discretion. State v. Akwal, supra.
Cartwright waived the right to complain on appeal that he was denied the right to voir dire McCallister on her qualifications because he failed to request a voir dire when the State moved to qualify her. Cartwright's failure might be attributed to the fact that court deferred ruling on the State's motion until any objections were made to McCallister's testimony. That was improper. Unlike Cartwright's pretrial motion in limine that was made on the same grounds, on which the court deferred a ruling until trial,* the State's motion to qualify McCallister should have been ruled on when it was made. Even so, the court's error did not relieve Cartwright of his obligation to request a voir dire at that point in time should he later argue on appeal that he was denied a right to voir dire to which he was entitled.
The third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ALLOWING AN INCOMPETENT, UNQUALIFIED AND UNTESTED WITNESS TO TESTIFY TO MATTERS IN USURPATION OF THE FACT FINDERS MISSION.
Cartwright argues that when McCallister testified concerning what S. had told her concerning the incidents of sexual abuse, "[t]his whole line of questioning is outside the boundary of expert testimony and is solely used to give credence to the victim's testimony . . ." a usurpation of the jury's function. (Brief, p. 9).
An expert is permitted to testify concerning the facts and data within her own perception on which she relies, including statements the victim made for purposes of diagnosis and treatment. State v. Boston, supra. Such evidence is not inadmissible merely because it goes to an ultimate issue or bolsters the victim's own testimony concerning the same matters. State v. Stowers, supra.
The fourth assignment of error is overruled.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN AGAIN USING IMPROPER METHODOLOGY IN ITS QUALIFICATION OF THE EXPERT OTT.
Cartwright again objects to the lack of a proffer by the State of the evidence it would offer through Ott and the trial court's failure to allow him to voir dire Ott concerning her qualifications as an expert before she was permitted to testify further. As with McCallister, Defendant failed to object to those alleged defects, and his failure waives any error in that regard.
The fifth assignment of error is overruled.
 SIXTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ALLOWING THE PSYCHOLOGIST OTT, WITHOUT PROPER FOUNDATION TO TESTIFY RESULTING IN COMMENTS UPON THE TRUTHFULNESS OF THE WITNESS, THEREBY USURPING THE JURY FUNCTION.
Ott testified that, in her opinion and to a reasonable degree of psychological certainty, S. had been sexually abused. (T. 379). Ott testified that her opinion was based on "[m]y interactions and conversations with (S.)." Id. That was not a prohibited form of testimony that, in Ott's opinion, S. was credible, but was a form of opinion which is clearly permitted under the rule of State v. Boston, supra.
The sixth assignment of error is overruled.
 SEVENTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED IN ALLOWING THE PSYCHOLOGIST TO TESTIFY INTO AREAS OF THE UNSUBSTANTIATED SCIENTIFIC EXPERIENCE, THEREBY USURPING THE JURY FUNCTION.
The statements that S. allegedly made and about which Ott testified were related in the course of a psychological diagnosis and treatment and involved "description(s) of the inception or general character of the cause or external sources of the disease or injury." Evid.R. 803(4). They were the facts and data which Ott perceived, and constitute "other specialized information" on which her opinion might properly be based. Evid.R. 702(C). Id. Supporting scientific or other technical tests and data are then not required. State v. Stowers, supra.
The seventh assignment of error is overruled.
 EIGHTH ASSIGNMENT OF ERROR FAILURE OF THE COURT TO GRANT THE MOTION TO DISMISS AND/OR REQUIRE THE STATE FURNISH A MORE COMPLETE AND TIMELY BILL OF PARTICULARS.
The indictment stated only time frames during which the alleged offenses took place over a period of months or years. Defendant moved to dismiss or, in the alternative, for a bill of particulars providing more specific dates. The State filed a bill of particulars six months later, three days before trial. Cartwright argues that the amendments were insufficient to put him on notice of the offenses alleged.
In cases of this kind, where the exact date of the alleged offense is not an element of the crimes charged and the crimes occurred over a period of years, time frames may be used in charging the offense. State v. Mundy (1994), 99 Ohio App.3d 275. A defendant who believes he is prejudiced as a result may seek a more specific statement of the times involved by way of a bill of particulars, and the State is required to present more specific information if the State has it. State v. Sellards (1985), 17 Ohio St.3d 169.
 Therefore, two considerations are before a trial court when a defendant seeks this specific information: "whether the state possesses the specific information requested by the accused, and whether this information is material to the defendant's ability to prepare and present a defense." State v. Lawrinson (1990), 49 Ohio St.3d 238, 239.
 The state must include this information if both questions are answered in the affirmative. Id.
State v. Smith (Nov. 8, 1995), Greene App. No. 94-CA-86, unreported at p. 7.
The trial court denied Cartwright's motion to dismiss, finding that the State lacked any more specific information than it had provided. Cartwright doesn't argue that the State had more specific information, but only that he could have prepared better for his offense if the State had provided it. He suggests the possibility of an alibi. However, that is no more than speculation, and fails to demonstrate that any prejudice actually resulted.
We do not condone the delay in the State's response to Cartwright's request for a bill of particulars. However, Cartwright didn't move to compel the State to provide a bill, so the trial court had no basis to require the State to act at an earlier time.
The eighth assignment of error is overruled.
 NINTH ASSIGNMENT OF ERROR ERROR WAS COMMITTED WHEN THE JURY FAILED TO SPECIFICALLY FIND THE VICTIM TO BE UNDER 13 YEARS OF AGE.
Counts one through four of the indictment charged Cartwright with Gross Sexual Imposition by having sexual contact with S. when she was less than thirteen years of age. Counts seven and eight charged Cartwright with Rape by engaging in sexual conduct with S. when she was less than thirteen years of age. The jury returned verdicts of guilty to the crimes charged. The jury was not required to make a specific finding concerning the victim's age because her age was an element of the offense, not an additional element that operated to enhance the degree of the offense. See R.C. 2945.75(A)(2); State v. Vance (Nov. 26, 1997), Montgomery App. No. 16322, unreported.
The ninth assignment of error is overruled.
 TENTH ASSIGNMENT OF ERROR ERROR WAS COMMITTED WHEN THE COURT ALLOWED THE DEFENDANT TO BE CONVICTED OF A CRIME UNDER A REPEALED STATUTE.
Cartwright complains that he could not be convicted of Felonious Sexual Penetration, R.C. 2907.12, with which he was charged in counts five and six of the indictment, because the statute had been repealed. We note that the offenses as charged allegedly occurred in 1994 and the statute was not repealed until 1996. The statute's repeal did not affect a prior violation of its prohibitions. R.C 1.58(A)(3). More to the point, however, Cartwright's claim is without merit because he was acquitted of both counts of Felonious Assault Penetration in counts five and six.
The tenth assignment of error is overruled.
 ELEVENTH ASSIGNMENT OF ERROR THE VERDICTS OF CONVICTION ON COUNTS 1 THRU 4 ARE INCONSISTENT WITH THE VERDICTS IN COUNTS 5 AND 6 AND ARE BASED UPON INSUFFICIENT EVIDENCE.
An inconsistency in a verdict does not arise out of a jury's inconsistent responses to different counts, but only arises out of inconsistent responses to the same count. State v. Brown (1984),12 Ohio St.3d 147. Therefore, Cartwright's assignment fails to portray the inconsistent verdicts claimed. The issue then becomes whether there was sufficient evidence for the guilty verdicts and resulting convictions on counts one through four, which charged Gross Sexual Imposition. United States v. Powell (1984), 469 U.S. 57, 105 S.Ct. 471, 83 L.Ed.2d 461. Our review of the record reveals ample evidence of a legally sufficient nature to convict.
The eleventh assignment of error is overruled.
 TWELFTH ASSIGNMENT OF ERROR TRIAL COURT ERRED IN NOT GRANTING THE MOTION TO SUPPRESS THE EVIDENCE REMOVED FROM THE RESIDENCE.
Police searched Cartwright's residence pursuant to a written consent to search that he executed, and they seized various articles that Cartwright later moved to suppress from use in evidence against him. The trial court denied Cartwright's motion to suppress, finding that his consent was knowing, intelligent, and voluntary. On appeal, Cartwright argues that the trial court abused its discretion in so finding because
 ". . . there was no testimony, save this (consent) form, that fully advises him of his rights i.e. the simple fact that he was agreeing to voluntarily allow them to retrieve whatever evidence they wanted AND that it could and would be used against him in trial. He was not properly advised of the constitutional rights he was surrendering. The police never apprised him of what they were looking for, the record is silent in this regard."
Brief, p. 21).
The particular warnings which Miranda v. Arizona (1966), 384 U.S. 436,86 S.Ct. 1602, 16 L.Ed.2d 674, prescribe pertain to waivers of the Fifth Amendment right against self-incrimination. Because that right relates to the fairness of a trial, the State has the burden to prove that the warnings were given when it opposes a motion to suppress a statement elicited from an accused during custodial interrogation.
The Fourth Amendment right protecting persons from unreasonable searches and seizures does not implicate the fairness of a trial wherein evidence thus seized may be used. "Consequently, police need not advise an individual of his or her Fourth Amendment right to refuse to consent to a search; `the government need not establish such knowledge as the sine qua non of an effective consent.'"
Katz/Giannelli, Criminal Law, Baldwin's Ohio Practice (1996) Ed.), Section 21.2, at p. 430, quoting Schneckloth v. Bustamonte (1973),412 U.S. 218, 227, 93 S.Ct. 2041, 36 L.Ed.2d 854.
Though Cartwright mentions the circumstances of his custody in relation to the consent to search which he gave, his particular complaint is that he was not advised of the Fourth Amendment right he waived thereby or his right to not waive it. For the reasons stated above, the argument is without merit.
The twelfth assignment of error is overruled.
 THIRTEENTH ASSIGNMENT OF ERROR ERROR WAS COMMITTED BY THE CUMULATIVE TARDINESS OF THE STATE IN AMENDING THE INDICTMENT AND IN FAILING TO FURNISH THE DEFENSE WITH PROPER DISCOVERY, ALL TO THE EXTREME PREJUDICE OF THE DEFENDANT.
Though Cartwright promptly asked for discovery after he was indicted, the State did not provide him a copy of a summary report prepared by McCallister, the social worker whom the State offered as an expert witness, until six days prior to trial. Cartwright complains of the delay. His remedy was to ask the trial court to sanction the State for a discovery violation per Crim.R. 16(E)(3). Cartwright does not claim that he made such a request or that the trial court abused its discretion when it denied such a request.
Cartwright also complains that the State amended the dates of the offenses charged in counts one through four, of which he was convicted, when it filed an amended Bill of Particulars only three days prior to trial. Cartwright suggests that this was done in response to his notice of alibi, which pertained to the times of the alleged offenses as originally charged.
Crim.R. 7(D) permits a court to amend an indictment at any time prior to trial to correct inconsequential defects or variances, "provided no change is made in the name or identity of the crime charged." The State's Amended Bill of Particulars accomplished an amendment, though not in the name or identity of the crime charged. It changed the dates of the offenses alleged. Such a change may be made where it is not material to the defense. However, it was possibly material in view of Cartwright's notice of alibi.
Cartwright's remedy was to seek to strike the amended bill of particulars, or to ask the court for leave to amend his notice of alibi, or to ask for a continuance. He does not argue that the trial court abused its discretion in denying any of those requests, which apparently were not made. Instead, he speculates that the State had evidence that it concealed until then and, perhaps after. That is pure conjecture on his part, however, and not a basis to reverse.
The thirteenth assignment of error is overruled.
 Conclusion
Having overruled the assignments of error presented, we will affirm the judgments of conviction and sentence from which this appeal was taken.
BROGAN, J. and FAIN, J., concur.
* Crim.R. 12(C) permits pretrial motions on evidentiary issues that may be determined without trial of the general issues of guilt or innocence. A proposed expert's qualifications is such an issue. However, Crim.R. 12(C) is discretionary, and the court is permitted to defer ruling until trial of the general issue.