OPINION
Defendant, Robert Marrs, appeals from his conviction and sentence for rape, gross sexual imposition and sexual battery.
Beginning in November or December 1996, when the victim, L.C., was eleven years of age, Defendant began sexually abusing her. Defendant is L.C.'s stepfather. Over the next several years Defendant repeatedly touched L.C.'s genitals, performed cunnilingus on L.C., forced L.C. to perform fellatio upon him, and penetrated L.C.'s vagina with his penis. Defendant was subsequently charged with one count of forcible rape of a child under thirteen, R.C. 2907.02(A)(1)(b), two counts of gross sexual imposition, R.C. 2907.05(A)(4), and six counts of sexual battery, R.C.2907.03(A)(5). Following a jury trial Defendant was found guilty as charged on all counts. The trial court sentenced Defendant to terms of imprisonment which in the aggregate total life plus ten years, and classified him a sexually oriented offender. Defendant has timely appealed to this court from his conviction and sentence. Defendant presents two assignments of error. Both challenge only his rape conviction, for which he was sentenced to life imprisonment.
 FIRST ASSIGNMENT OF ERROR "IN RESPONSE TO A REQUEST FOR A BILL OF PARTICULARS THE STATE MUST SUPPLY MORE SPECIFIC DATES AND TIMES WITH REGARD TO AN ALLEGED OFFENSE WHERE IT POSSESSES SUCH INFORMATION."
The State alleged in the indictment that Defendant's forcible rape of L.C. had occurred during the one year between May 21, 1996 and May 20, 1997. Defendant requested a bill of particulars setting out a more specific date. The State responded that the offense occurred between October 30, 1996 and December 25, 1996.
At trial, L.C. was asked when the Defendant first engaged in sexual conduct with her. L.C. testified that it was in 1996, "[b]etween November and December," . . . and that she could recall that time "[b]ecause it was wintertime, and it was right after we moved in." (T. 31). The conduct she described involved cunnilingus. (T. 26). Defendant was convicted of the forcible rape alleged to have occurred between the dates stated in the bill of particulars, which was consistent with L.C.'s testimony. She also testified to other, subsequent rapes. One occurred in 1997, on her twelfth birthday (T. 31); another occurred shortly after Thanksgiving in 2000, (T. 32); another occurred that year after Defendant's birthday (T. 35).
In cases of child sexual abuse, young victims often are unable to remember exact dates and times when the offenses occurred, especially when the crimes involve a repeated course of conduct over a lengthy period of time. State v. Barnecut (1988), 44 Ohio App.3d 149. Because the precise date and time of the offense of rape are not essential elements of that crime, a certain degree of inexactitude in averring the date of the offense is not necessarily fatal to its prosecution. Statev. Sellards (1987), 17 Ohio St.3d 169; State v. Lawrinson (1990),49 Ohio St.3d 238.
Nevertheless, when an accused requests a bill of particulars stating a more specific time when an alleged offense occurred, a trial court must make two inquiries:
 whether the state possesses more specific information about the date, time, and place of the offense; and whether that information is material to the accused's ability to present a defense. That may happen when the accused asserts an alibi and claims that he was elsewhere during part, but not all, of the time period specified for the offense. Lawrinson, supra; Sellards, supra. If those two questions are answered in the affirmative, the court must order the State to provide the information requested in a bill of particulars. Id. Defendant argues that the State clearly had more specific dates available to it because L.C. was able to relate events to her birthday and his, as well as to Thanksgiving. Those occurred in later years, however, not in 1996, during the months of November and December, the alleged date of the offense that was set up in the bill of particulars. L.C.'s testimony concerning when that rape offense, of which Defendant was eventually convicted, had occurred was no more definite or specific than the time frame the State alleged. Therefore, Defendant has not shown that the State had a more definite time available to it for that offense.
Moreover, Defendant has failed to demonstrate how the lack of a more specific date for the rape offense prejudiced his defense. Defendant did not rely upon an alibi to claim that he was elsewhere during part of the time frame specified when this rape occurred. Rather, Defendant acknowledged that there were some occasions when he was home alone with L.C., but his defense was that the alleged sexual abuse never happened and that L.C. had made false allegations because of her dislike of Defendant as a strict disciplinarian. His suggestion that the State was able to exploit the indefiniteness in the charge to undermine his wife's testimony on his behalf concerning her own whereabouts does not portray any undue prejudice. Under those circumstances, the failure to supply a specific date for the rape offense has not been shown to have prejudiced Defendant's ability to prepare his defense. Barnecut, supra.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR "THE EVIDENCE AGAINST THE APPELLANT ON THE ISSUE OF FORCE IS INSUFFICIENT AS A MATTER OF LAW AND HIS CONVICTION OF RAPE WITH FORCE IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE."
A sufficiency of the evidence argument challenges whether the State has presented adequate evidence on each element of the offense to allow the case to go to the jury or sustain the verdict as a matter of law. Statev. Thompkins, (1997), 78 Ohio St.3d 380, 1997-Ohio-52. The proper test to apply to such an inquiry is the one set forth in paragraph two of the syllabus of State v. Jenks (1991), 61 Ohio St.3d 259:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt."
Defendant was convicted of raping L.C. by compelling her to submit by force or threat of force. Defendant claims that the evidence presented by the State was insufficient as a matter of law to convict him of forcible rape because there is no evidence, including the testimony of L.C., that he used force or a threat of force. According to Defendant, the only evidence that could even remotely be considered force or a threat of force was Defendant's statement to L.C. that if she did not keep her mouth shut, he would make her look like a liar. Defendant contends, however, that this statement was made after the rape occurred, and thus is not something that compelled L.C. to submit to the sexual conduct.
With respect to cases involving the rape of a child, the force necessary to commit the crime depends upon the age, size and strength of the parties and their relationship to each other, which takes into account the filial obligation of obedience to a parent. State v.Eskridge (1988), 38 Ohio St.3d 56. A person in a position of authority over a child under thirteen may be convicted of the forcible rape of that child pursuant to R.C. 2907.02(A)(1)(b) without evidence of explicit threat of harm or significant physical restraint. State v. Dye (1998),82 Ohio St.3d 323, 1998-Ohio-234. If the young rape victim's will was overcome by fear or duress, then the element of force has been established. Eskridge, supra.
The evidence in this case clearly demonstrates that Defendant held a position of parental authority over L.C. She was just eleven when Defendant raped her. They had a father-daughter relationship at that time. Defendant was a strict disciplinarian in the home. He often punished L.C. for disobedience by spanking her or grounding her for months at a time.
This case is easily distinguishable from State v. Morris (August 27, 1999), Montgomery App. No. 17287, unreported, upon which Defendant relies. In that case, the victims were fourteen year old twin sisters who had experienced the wilder side of life, including frequent parties that involved drug use and sex. The victims were very independent of their parents and often lived with little or no parental supervision for significant periods of time. Those victims had no trouble standing up to their father. There is no such evidence in this case., Defendant entered L.C.'s bedroom while she was asleep and took her underwear off. L.C. awoke while Defendant was performing cunnilingus on her. L.C. testified that she did not want Defendant to do this to her but she had no choice in what happened to her. L.C. couldn't call for her mother for help because L.C. observed her mother standing outside looking through the bedroom window watching the assault. L.C. was afraid of Defendant because he was in charge of that home and he was the person who punished her. L.C. thought she would get into more trouble if she tried to stop Defendant. Furthermore, Defendant told L.C. to keep her mouth shut or he would make her look like a liar. Contrary to Defendant's contention, it is unclear from the record when Defendant said this, either during or immediately after the sexual assault.
Construing the evidence presented in a light most favorable to the State, as we must, we conclude that a rational trier of fact could find all of the essential elements of the crime of rape to have been proved beyond a reasonable doubt, including that Defendant compelled L.C. to submit by force or threat of force. Defendant's conviction is supported by legally sufficient evidence. Moreover, Defendant's testimony at trial does not create any conflict in the evidence as to this issue of whether force or a threat of force was used to rape L.C., inasmuch as Defendant simply denied that any sexual activity with L.C. ever took place. Defendant's rape conviction is not against the manifest weight of the evidence.
The second assignment of error is overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.