[Cite as *State v. Gomez*, 2017-Ohio-8146.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# ASHTABULA COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2017-A-0002** |
| PEDRO ERNESTO GOMEZ, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal from the Ashtabula County Court of Common Pleas, Case No. 2016 CR 00194.

Judgment: Affirmed.

*Nicholas A. Iarocci*, Ashtabula County Prosecutor, and *Shelley M. Pratt*, Assistant Prosecutor, Ashtabula County Courthouse, 25 West Jefferson Street, Jefferson, OH 44047-1092 (For Plaintiff-Appellee).

*Gregory A. Price*, 159 South Main Street, Suite 910, Akron, OH 44308 (For Defendant-Appellant).

THOMAS R. WRIGHT, J.

{¶1} Appellant, Pedro Ernesto Gomez, appeals his five rape convictions in violation of R.C. 2907.02(A)(1)(b). He was sentenced to an indefinite term of 25 years to life on each, with counts one, two, four, and five running concurrent with one another and count six consecutive to counts one, two, four, and five. We affirm.

{¶2} Gomez asserts two assigned errors:

{¶3} "The trial court committed reversible error when it failed to grant either defense counsel's motion to quash the indictment or motion for more specific bill of particulars.

{¶4} "Mr. Gomez's convictions are against the manifest weight of the evidence as the state failed to present any evidence of time frame for the crimes."

{¶5} Under his first assigned error, Gomez challenges the denial of his request for a more specific bill of particulars and the denial of his motion to quash his indictment.

{¶6} Gomez was indicted in March of 2016 and was initially charged with seven counts of rape and one count of gross sexual imposition. Each count specified that the offense occurred on or between September 1, 2014 and June 1, 2015 in Ashtabula, Ohio and each involved a victim under the age of 13 years. Each also included the initials of the two victims and the year of birth of each. The victims were two of his children. Gomez subsequently requested a bill of particulars and asked for a more detailed description of each offense. He asked for the corresponding dates, times, and locations of each. The state responded and provided the same information included in the indictment.

{¶7} In June of 2016, Gomez moved the trial court to quash his indictment because it was unconstitutionally vague since it did not identify a specific date of the charges against him; did not differentiate between the charged offenses; and did not sufficiently identify the victims. He claims he could not defend the charges in light of the lack of detailed allegations. The trial court denied his motion to quash finding his indictment sufficiently apprised Gomez of the nature of the charges.

{¶8} Crim.R. 7(E) *Bill of Particulars* states:

{¶9} "When the defendant makes a written request within twenty-one days after arraignment but not later than seven days before trial, or upon court order, the prosecuting attorney shall furnish the defendant with a bill of particulars setting up specifically the nature of the offense charge and of the conduct of the defendant alleged to constitute the offense. A bill of particulars may be amended at any time subject to such conditions as justice requires."

{¶10} The Ohio Supreme Court has consistently held that in response to a bill of particulars, "the state must * * * supply specific dates and times with regard to an alleged offense where it possesses such information." *State v. Sellards,* 17 Ohio St.3d 169, 478 N.E.2d 781 (1985) syllabus; *State v. Lawrinson*, 49 Ohio St.3d 238, 239, 551 N.E.2d 1261(1990). The purpose of a bill of particulars is to identify the accused's conduct, but not "to provide the accused with specifications of evidence or to serve as a substitute for discovery." *Sellards* at 171.

{¶11} "A trial court must consider two questions when a defendant requests specific dates, times or places on a bill of particulars: [1.] whether the state possesses the specific information requested by the accused, and [2.] whether this information is material to the defendant's ability to prepare and present a defense. See, also, *State v. Barnecut* (1988), 44 Ohio App.3d 149, 542 N.E.2d 353. If these two questions are answered in the affirmative, then the state must include the information in the bill of particulars." *Lawrinson* at 239.

{¶12} The defendant in *Lawrinson* was charged with gross sexual imposition of a minor and the bill of particulars indicated that the offense occurred within a 30-day period. The state advised the trial court that it did not have or know a more certain date

3

of the offense. However, testimony later showed that the offense occurred during a one-week period in January, and that the state did have access to this information contrary to its representations to the court. Lawrinson claimed he was working for most of this week and that as a result of the lack of a more specific bill of particulars, he was denied the opportunity to prepare and present an alibi defense. *Id.* at 238-239. The court of appeals and Supreme Court agreed and remanded the case for the state to provide a detailed bill of particulars. *Id.*

**{¶13}** Here, the state did not provide more detailed information in the bill of particulars than was in the indictment, but it did explain in its response to his motion that it did not have more certain dates. The state also indicates that it provided Gomez with all the information it had regarding the time of the offenses. Specifically, it provided Gomez with all investigative reports and witness statements from law enforcement and the Ashtabula County Children Services Board via discovery. The state further explained in its response that it was unable to provide more specifics since the victims were unable to remember precise dates. It also pointed out that Gomez was not claiming an alibi or statute of limitations defense, and as such the nine-month period for the time of the allegations was sufficient.

**{¶14}** Unlike *Lawrinson*, there is nothing evidencing that the state had access to more detailed information that was not provided to Gomez. Instead, the state advised the trial court that it did not have specific dates of the offenses, and it provided Gomez via discovery all applicable law enforcement and CSB reports. Moreover, the children's testimony at trial supports that the state did not know more specific dates and times of the offenses. Their recollection of the offenses was based on the grade they were in at

4

the time. As for the identity of the children, the child victims in this case were Gomez's own children and he was well aware of this upon receiving discovery. Accordingly, the state did not possess the specific information requested by Gomez, and "the state had no obligation to provide information it did not possess." *State v. Adams*, 6th Dist. Erie No. E-03-042, 2004-Ohio-4673, ¶17.

{¶15} Moreover, Gomez has not asserted an alibi defense or explained in definite terms how knowledge of the specific date of each would have enabled him to defend the charges differently. Thus, he also fails to establish that this information was material to his defense. We recognize the difficulty in establishing an alibi absent a more specific date of the offense; however, this is nevertheless a complication inherent in abuse cases involving children.

{¶16} Gomez's first argument under his first assigned error lacks merit.

{¶17} He next argues the trial court erred in denying the motion to quash his indictment.

{¶18} We review a trial court's decision denying a motion to quash an indictment de novo and independently review the trial court's decision without deference. *State v. Cassel*, 2016-Ohio-3479, 66 N.E.3d 318, ¶15 (2d Dist.); *State v. Gaines,* 193 Ohio App.3d 260, 2011-Ohio-1475, 951 N.E.2d 814, ¶14 (12th Dist.).

{¶19} A person charged with a felony "is entitled to an indictment setting forth the 'the nature and cause of the accusation * * *.'" *Sellards* at 170. The purpose of an indictment is to afford an accused with notice and opportunity to defend the charges and to enable the defendant to protect himself from future prosecution for the same offense. *Id.*

5

{¶20} Crim. R. 7(B) *Nature and Contents* states in part:

{¶21} "The indictment shall be signed in accordance with Crim.R. 6(C) and (F) and contain a statement that the defendant has committed a public offense specified in the indictment. * * * The statement may be made in ordinary and concise language without technical averments or allegations not essential to be proved. The statement may be in the words of the applicable section of the statute, provided the words of that statute charge an offense, or in words sufficient to give the defendant notice of all the elements of the offense with which the defendant is charged. It may be alleged in a single count that the means by which the defendant committed the offense are unknown or that the defendant committed it by one or more specified means. Each count of the indictment or information shall state the numerical designation of the statute that the defendant is alleged to have violated."

{¶22} "An indictment meets constitutional requirements if it 'first, contains the elements of the offense charged and fairly informs a defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense. * * * "Undoubtedly the language of the statute may be used in the general description of an offence, but it must be accompanied with such a statement of the facts and circumstances as will inform the accused of the specific offence, coming under the general description, with which he is charged.'" *Hamling v. United States* (1974), 418 U.S. 87, 117–118, 94 S.Ct. 2887, 2907, 41 L.Ed.2d 590, 621, quoting *United States v. Hess* (1888), 124 U.S. 483, 487, 8 S.Ct. 571, 573, 31 L.Ed. 516, 518." *State v. Childs*, 88 Ohio St.3d 558, 565, 2000-Ohio-425, 728 N.E.2d 379 (2000).

6

**{¶23}** Gomez was indicted on seven counts of rape in violation of R.C. 2907.02(A)(1)(b), first-degree felonies, and one count of gross sexual imposition, in violation of R.C. 2907.05(A)(4)(C)(2), a third-degree felony. Because Gomez was not convicted of the gross sexual imposition offense, we do not discuss it.

**{¶24}** Six counts in the indictment specify that they occurred on or between September 1, 2015 and February 11, 2016, approximately a 6-month period. The other two counts indicate that each occurred on or between September 1, 2014 and June 1, 2015, a 9-month period. The state explains and the testimony confirms that the victims were able to recall the offenses based on what grade they were in at the time.

**{¶25}** Each count also gives the victim's initials and year of birth as well as the elements of the offense and the statutory subsection for each.

**{¶26}** When the victim is a child, "[a]n allowance for reasonableness and inexactitude must be made for such cases because many child victims are unable to remember exact dates and times * * *." (Citations omitted.) *State v. Neal*, 2016-Ohio-64, 57 N.E.3d 272, ¶26-27 (4th Dist.), *appeal not allowed,* 145 Ohio St.3d 1471, 2016-Ohio-3028, 49 N.E.3d 1314.

**{¶27}** Accordingly, the indictment here using the words of the statute, the victim's initials, years of birth, and estimated time frame of the charges was sufficient to notify Gomez of the offenses to enable him to defend against the allegations and to protect himself from future prosecution for the same offense. *Sellards* at 170. Gomez's second subargument lacks merit and his first assigned error is overruled.

**{¶28}** Gomez's second assigned error asserts his convictions are not supported by the manifest weight of the evidence.

7

**{¶29}** Each of his convictions is in violation of R.C. 2907.02(A)(1)(b), which prohibits:

**{¶30}** "(A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:

**{¶31}** "* * *

**{¶32}** "(b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person."

**{¶33}** "Although a court of appeals may determine that a judgment of a trial court is sustained by sufficient evidence, that court may nevertheless conclude that the judgment is against the weight of the evidence. * * * Weight of the evidence concerns 'the inclination of the *greater amount of credible evidence,* offered in a trial, to support one side of the issue rather than the other. It indicates clearly to the jury that the party having the burden of proof will be entitled to their verdict, if, on weighing the evidence in their minds, they shall find the *greater amount of credible evidence* sustains the issue which is to be established before them. Weight is not a question of mathematics, but depends on its *effect in inducing belief.*' (Emphasis added.) Black's, *supra,* at 1594.

**{¶34}** "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a '"thirteenth juror"' and disagrees with the factfinder's resolution of the conflicting testimony. * * * *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720–721 ('The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether

8

in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.')" (Citations omitted.) *State v. Thompkins*, 78 Ohio St.3d 380, 387, 678 N.E.2d 541 (1997).

**{¶35}** If the trial court's judgment results from a jury trial, it can only be reversed on manifest weight grounds by a unanimous concurrence of all three judges on the appellate panel reviewing the case. *Id.* at 389. The fact that the evidence is susceptible to more than one interpretation does not render a conviction against the manifest weight of the evidence. *State v. Ramey*, 2d Dist. Clark No. 2014-CA-127, 2015-Ohio-5389, 55 N.E.3d 542, ¶50, *appeal not allowed*, 145 Ohio St.3d 1458, 2016-Ohio-2807. "Because the trier of fact sees and hears the witnesses at trial, we must defer to the factfinder's decisions whether, and to what extent, to credit the testimony of particular witnesses." *Id.* at ¶51.

**{¶36}** Gomez claims the state failed to prove the offenses occurred during the time period designated in the indictment. He does not challenge other elements or aspects of his convictions. It appears he is actually arguing that his convictions are not supported by sufficient evidence. Regardless, "a determination of whether a conviction is or is not supported by the weight of the evidence 'necessarily rests on the existence of sufficient evidence.'" *State v. Pesec*, 11th Dist. Portage No. 2006-P-0084, 2007-Ohio-3846, ¶44, quoting *State v. McCrory,* 11th Dist. No. 2006-P-0017, 2006-Ohio-

6348, at ¶40. And a review of the evidence supports his convictions and none is against the weight of the evidence.

{¶37} As previously stated, each offense occurred on or between September 1, 2015 and February 11, 2016, approximately a 6-month period, or on or between September 1, 2014 and June 1, 2015, a 9-month period. The time periods in the indictment were designed to correspond with the children's school years.

{¶38} Gomez's jury trial was held in December of 2016, during the 2016-2017 school year. His children testified when the offenses occurred based on the grade they were in at the time. Their testimony lines up with the dates of the offenses as stated in his indictment. Gomez was convicted of five counts as against J.G. and one count against I.G.

{¶39} I.G. testified that her dad put his private in her private while she was in his bed during her fourth grade school year, which was two years before her testimony. She also described another occasion when she was in her bed and he forced her to have anal sex, which also happened while she was in fourth grade two years before her testimony. Thus, her testimony supports two counts of rape during the 2014-2015 school year, i.e., between September 2014 and June 2015 as stated in the indictment.

{¶40} J.G. testified that he was born in 2003 and was 13 years old and in the seventh grade at the time of trial. When he was in sixth grade, his dad had anal sex with him. They were on the couch in the living room. His dad also forced J.G. to perform oral sex.

10

{¶41} A different time, J.G. was in his father's bedroom and his dad came in and again made him perform oral sex. His dad then performed oral sex on J.G. J.G. was in sixth grade at the time.

{¶42} Another time J.G. was supposed to be helping his father work on the bedroom that they were remodeling and his dad closed the door and forced J.G. to have anal sex. He was in sixth grade at the time.

{¶43} On another occasion when J.G. was in sixth grade, his dad forced J.G. to have anal sex while J.G. was in his own bedroom.

{¶44} Thus, J.G.'s testimony supports six counts of rape as occurring during the 2015-2016 school year, or on or between September 1, 2015 and February 11, 2016, before Gomez was indicted.

{¶45} Contrary to Gomez's argument, this is not an extraordinary case where the evidence heavily outweighs his convictions. The evidence supports his convictions and there are no conflicts in the evidence. His second assigned error lacks merit.

{¶46} The trial court's judgment is affirmed.


CYNTHIA WESTCOTT RICE, P.J.,

TIMOTHY P. CANNON, J.,

concur.

11