OPINION
{¶ 1} Defendant-appellant, M.B.[1] ("appellant"), appeals from the judgment of the Franklin County Court of Common Pleas, whereby a jury convicted appellant of seven counts of rape, first-degree felonies, in violation of R.C. 2907.02. For the following reasons, we affirm in part and reverse in part.
 {¶ 2} The following is a recitation of the facts relative to appellant's convictions, which were adduced at trial. Additional facts will be discussed as they concern each *Page 2 
assignment of error. The victim in this case is R.B., appellant's minor daughter. In April 2005, R.B. was diagnosed with trichomonas, a sexually transmitted disease.[2] At the time, R.B. was 15 years old. When she learned of the diagnosis, R.B. told her mother that her father had been sexually abusing her for several years. Because of R.B.'s statements, Kerri Marshall ("Marshall"), a licensed social worker employed by the Child Assessment Center[3] interviewed R.B., while other evaluators, including Gail Hornor ("Hornor"), a pediatric nurse practitioner, watched on closed circuit television. During this interview, R.B. reported being raped by her father on numerous occasions. Hornor subsequently conducted a physical examination of R.B., finding no injuries or signs of past injuries.
 {¶ 3} Based on this information, appellant was indicted on ten counts of rape in violation of R.C. 2907.02, for incidents of vaginal and anal intercourse which occurred when R.B. was between four and 12 years old. The case was tried to a jury which found appellant guilty of seven counts of rape, but not guilty on the remaining three counts. After a pre-sentence investigation, the trial court gave appellant five sentences of ten years to life, with four of the sentences to be served concurrent to each other, and the fifth to be served consecutive to the others. On the two remaining counts, appellant was sentenced to two 10-year terms of imprisonment, to be served concurrently. *Page 3 
 {¶ 4} Appellant filed a timely appeal, advancing nine assignments of error. For sake of clarity and ease of discussion, each assignment of error is separately set forth, and our analysis of same immediately follows.
 FIRST ASSIGNMENT OF ERROR: THE COURT IMPOSED SENTENCES ON COUNTS THREE THROUGH SIX IN EXCESS OF THOSE PROVIDED BY THE CONTROLLING STATUTES.
 {¶ 5} In this assignment of error, appellant argues that the trial court erred in sentencing him under the version of R.C. 2907.02 that was amended in 2002, rather than the version of the statute that was in effect at the time appellant committed the crimes for which he was convicted. Appellant contends that, while the above-referenced counts were premised upon violations of R.C. 2907.02(A)(1)(b), the language of which remained unaffected by the 2002 amendments, the penalty imposed for a violation of the statute as contained in R.C. 2907.02(B) did change. The state agrees with appellant and requests a remand for resentencing.[4]
 {¶ 6} Upon review of the record, we agree with the parties' assessment that the trial court erred. We therefore remand appellant's case for resentencing on counts three through six. Appellant's first assignment of error is sustained.
 SECOND ASSIGNMENT OF ERROR: APPELLANT WAS DENIED DUE PROCESS OF LAW AND MADE SUBJECT TO EX POST FACTO APPLICATION OF R.C. 2907.02(B) BY THE COURT'S REFUSAL TO INSTRUCT THE JURY IN ACCORDANCE WITH VERSIONS OF THE STATUTE IN FORCE AT THE TIMES SPECIFIED IN COUNTS ONE THROUGH SIX OF THE INDICTMENT. *Page 4 
 {¶ 7} In this assignment of error, appellant argues that he was denied due process of law when the trial court refused to instruct the jury in accordance with the version of R.C. 2907.02 at the time the offenses were committed. According to appellant, the version of R.C. 2907.02 in effect at the time the offenses were committed specified that the forcible rape of a victim under 13 years of age carried the penalty of a life sentence. The trial court, however, instructed the jury using the version of the statute as amended by H.B. 485 in 2002, which eliminated the requirement of force or threat of force for a sentence of life of imprisonment for the rape of a child under the age of ten. Thus, appellant contends the trial court's erroneous instruction to the jury warrants reversal.
 {¶ 8} The state concedes that the trial court erred, but argues that because force was not an issue in counts one through six and the instructions on those counts created an increased burden regarding age for the state, no prejudice resulted. We agree. Crim. R. 52(A) provides that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." Upon review, we do not find that any prejudice to appellant has been established. Appellant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR: THE COURT ERRONEOUSLY REFUSED TO ORDER THE STATE MAKE A RECORDING OF THE VICTIM'S FORENSIC INTERVIEW AVAILABLE TO THE DEFENSE IN ADVANCE OF THE PRESENTATION OF EXPERT TESTIMONY BASED ON THAT INTERVIEW.
 {¶ 9} At the time Marshall interviewed R.B. about the allegations she made regarding her abuse, Hornor was watching the interview from another room via closed-circuit television. After the interview, Hornor performed a physical examination of R.B. *Page 5 
 {¶ 10} At trial, defense counsel moved the court to order the state to produce the videotape of R.B.'s interview by Marshall so that it could be reviewed prior to Horner's testimony. Counsel argued that the videotape was discoverable for two reasons: (1) the opinions that would be offered by Hornor were hearsay and solely derived from her viewing the videotaped interview; and (2) failure to produce the videotape would violate appellant's constitutional right to confront witnesses underCrawford v. Washington (2004), 541 U.S. 36, 124 S.Ct. 1354. The court held an Evid. R. 104 hearing and concluded that the videotape was not discoverable, Hornor's testimony was not inadmissible hearsay, andCrawford was inapplicable.
 {¶ 11} On appeal, appellant first argues that because Hornor was testifying as an expert on child sexual abuse, the videotape constituted "underlying facts or data" required to be disclosed under Evid. R. 705.[5] We disagree. Hornor watched Marshall's interview of R.B. from another room via closed-circuit television as it was taking place. The "underlying data or facts" that served as the basis of Hornor's testimony was her physical examination of R.B., the scope of which was determined by R.B.'s statements to Marshall, who had already testified. Thus, we find no violation of Evid. R. 705.
 {¶ 12} Appellant next argues that the videotape of the interview "was more than a witness statement" and constitutes a document or tangible object or a report and, as such, was subject to disclosure under Crim. R. 16(B)(1)(c) and (d), which provides:
 (c) * * * Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph books, papers, documents, photographs, tangible objects, buildings or places, or copies or portions *Page 6 
thereof, available to or within the possession, custody or control of the state, and which are material to the preparation of his defense, or are intended for use by the prosecuting attorney as evidence at the trial, or were obtained from or belong to the defendant.
 (d) * * * Upon motion of the defendant the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any results or reports of physical or mental examinations, and of scientific tests or experiments, made in connection with the particular case, or copies thereof, available to or within the possession, custody or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney.
 {¶ 13} We find appellant's argument to be misplaced and agree with the state that "[i]t is not the tangible object of the videotape itself that the [appellant] is attempting to acquire but the statement that is contained on the video which is governed by Crim. R. 16(B)(1)(g)." (State's brief at 6.) Moreover, as will be discussed, infra, the reports of both Hornor and Marshall were admitted as evidence. Thus, we find the state was not compelled to produce the videotape under Crim. R. 16(B)(1)(c) or (d).
 {¶ 14} Lastly, appellant argues that "the videotape was subject to disclosure" pursuant to Evid. R. 612 because Hornor "had reviewed it prior to her testifying in order to refresh her recollection." (Appellant's brief at 16.) That rule states:
 Except as otherwise provided in criminal proceedings by Rules 16(B)(1)(g) and 16(C)(1)(d) of Ohio Rules of Criminal Procedure, if a witness uses a writing to refresh memory for the purpose of testifying, either: (1) while testifying; or (2) before testifying, if the court in its discretion determines it is necessary in the interests of justice, an adverse party is entitled to have the writing produced at the hearing. The adverse party is also entitled to inspect it, to cross-examine the witness thereon, and to introduce in evidence those portions which relate to the testimony of the witness. * * * *Page 7 
 {¶ 15} We do not find Evid. R. 612 supports appellant's argument for several reasons. First, the statements made by R.B. during Marshall's interview are subject to Crim. R. 16(B)(1)(g), and, therefore, Evid. R. 612 is not applicable. Second, as previously explained, Hornor's physical examination of R.B. provided the basis for her testimony, not her subsequent review of Marshall's videotaped interview, which Hornor actually witnessed as it was taking place. Hornor did not use the videotape to refresh her recollection while testifying, and we do not find the trial court abused its discretion when it failed to determine that production of the videotape was necessary in "the interests of justice." And, lastly, the record discloses that appellant's counsel did, in fact, watch the videotape after R.B. testified, in accordance with the procedure set forth in Crim. R. 16(B)(1)(g). Thus, appellant's counsel was afforded the opportunity to recall any witness and address any perceived issue after having viewed the videotape.
 {¶ 16} Based on the foregoing, we overrule appellant's third assignment of error.
 FOURTH ASSIGNMENT OF ERROR: THE COURT ERRONEOUSLY ADMITTED STATE'S EXHIBITS ONE AND TWO.
 {¶ 17} In this assignment of error, appellant asserts that the trial court erred in the admission of two reports: (1) the medical forensic interview summary prepared by Marshall during R.B.'s assessment (Exhibit 1); and (2) the medical report authored by Hornor (Exhibit 2). According to appellant, the statements of Marshall and Hornor, which are contained within these reports, are beyond the scope of the hearsay exception found in Evid. R. 803(4)[6] *Page 8 
 {¶ 18} A review of the record discloses that appellant's counsel did not object to the admission of Exhibits 1 and 2 based on hearsay grounds but, rather, asserted an objection based on Crawford, supra. Evid. R. 103(A)(1) states that "[e]rror may not be predicated upon a ruling which admits or excludes evidence unless a substantial right of the party is affected, and * * * a timely objection or motion to strike appears of record, stating the specific ground of objection, if the specific ground was not apparent from the context[.]" Here, the specific ground raised by appellant at trial was Crawford confrontation clause grounds, which is not the same challenge that he now raises on appeal. Thus, pursuant to Evid. R. 103(A)(1), appellant has waived the argument he advances herein, and we may not entertain the issue unless plain error exists. See, e.g., State v. Barnes (2002), 94 Ohio St.3d 21, 27, 2002-Ohio-68; Crim. R. 52(B); see, also, State v. Williams (1977), 51 Ohio St.2d 112, paragraph one of the syllabus ("[A]n appellate court need not consider an error which a party complaining of the trial court's judgment could have called, but did not call, to the trial court's attention at a time when such error could have been avoided or corrected by the trial court."). And, based upon our review of the record, we note that the admission of Exhibits 1 and 2 do not rise to the level of plain error. Evid. R. 103(D). Accordingly, we overrule appellant's fourth assignment of error.
 FIFTH ASSIGNMENT OF ERROR: APPELLANT'S CONVICTION FOR RAPE AS CHARGED IN COUNT TEN OF THE INDICTMENT WAS NOT SUPPORTED BY SUFFICIENT EVIDENCE AS THE STATE FAILED TO ESTABLISH THE ELEMENTS OF FORCE, PENETRATION, AND THE AGE OF THE VICTIM. *Page 9 
 {¶ 19} In this assignment or error, appellant argues that there was insufficient evidence to support his conviction on count ten, which reads in pertinent part that appellant:
 * * * from on or about August 1, 2002 to June 1, 2003, within the County of Franklin aforesaid, in violation of section 2907.02 of the Ohio Revised Code, did engage in sexual conduct, to wit: vaginal intercourse, with [R.B.], not his spouse, and the said [R.B.] being less than thirteen (13) years of age, to wit: twelve (12) years of age, and the said [M.B.] having purposely compelled [R.B.] to submit by force or threat of force, contrary to the statute in such cases made and provided and against the peace and dignity of the State of Ohio.
Specifically, appellant argues that there was insufficient evidence that R.B. was under the age of 13, that appellant used force, or that there was penetration to R.B.'s vaginal and/or anal cavities.
 {¶ 20} The state concedes that there was insufficient evidence of penetration to support appellant's conviction for rape on count ten. Nevertheless, the state argues that there was sufficient evidence presented regarding R.B.'s age and appellant's use of force to support a conviction for attempted rape and urges this court to remand this count to the trial court to enter judgment accordingly. Given that the state concedes there was insufficient evidence regarding the issue of penetration, our discussion shall focus upon whether sufficient evidence was presented as to the elements of age and force.
 {¶ 21} When an appellant challenges his or her conviction as not supported by sufficient evidence, an appellate court construes the evidence in favor of the prosecution and determines whether such evidence permits any rational trier of fact to find the essential elements of the offense beyond a reasonable doubt. State v. Jenks
(1991), *Page 10 61 Ohio St.3d 259, paragraph two of the syllabus, superseded by constitutional amendment on other grounds in State v. Smith (1997),80 Ohio St.3d 89; State v. Thompkins (1997), 78 Ohio St.3d 380, 386, reconsideration denied, 79 Ohio St.3d 1451; State v. Conley (Dec. 16, 1993), Franklin App. No. 93AP-387. In a sufficiency of the evidence review, an appellate court does not engage in a determination of witness credibility; rather, it essentially assumes the state's witnesses testified truthfully and determines if that testimony satisfies each element of the crime. State v. Woodward, Franklin App. No. 03AP-398,2004-Ohio-4418, at ¶ 16, cause dismissed, 103 Ohio St. 3d 1489,2004-Ohio-5606, reconsideration denied, 104 Ohio St. 3d 1428,2004-Ohio-6585.
 {¶ 22} Comparatively, when presented with a manifest-weight claim in a criminal matter, an appellate court engages in a limited weighing of the evidence to determine whether the fact finder's verdict is supported by sufficient competent, credible evidence to permit reasonable minds to find guilt beyond a reasonable doubt. Thompkins, at 387;Conley, supra; State v. Group, 98 Ohio St.3d 248, 2002-Ohio-7247, at ¶ 77. "[S]ufficiency of the evidence is a test of adequacy as to whether the evidence is legally sufficient to support a verdict as a matter of law, but weight of the evidence addresses the evidence's effect of inducing belief." State v. Wilson, 113 Ohio St.3d 382, 2007-Ohio-2202, at ¶ 25, citing Thompkins, at 386-387. When presented with a manifest-weight claim, "a reviewing court asks whose evidence is more persuasive — the state's or the defendant's?" Id." `When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony.'" Id., quoting Thompkins, at 387, citingTibbs v. Florida (1982), 457 U.S. 31, 42, 102 S.Ct. 2211. *Page 11 
 {¶ 23} As germane to this assignment of error, one of the elements the state had to prove was that appellant engaged in sexual contact with R.B. when she was under the age of 13. According to the record, R.B. was born on March 17, 1990 and, therefore, turned 13 during the time period covered in this count. R.B. testified that the last incident of sexual contact occurred sometime "in the middle" of her seventh grade year. (Tr. 266.) There is no evidence in the record, however, which definitely establishes that R.B. was under the age of 13 when the last alleged incident took place.
 {¶ 24} In State v. Tiderman, Cuyahoga App. No. 83930, 2004-Ohio-6095, the Eighth District Court of Appeals was confronted with virtually the same scenario. In that case, the appellant argued, and the state conceded, that there was insufficient evidence to sustain evidence as to his victim's age. In reversing appellant's conviction on five counts of rape, the court explained:
 For counts one through five, the State had to prove Tiderman engaged in sexual conduct with the victim when she was under the age of thirteen. The record reveals the victim was born February 8, 1987. The victim testified the first sexual encounter with Tiderman was Halloween night in 1999 or 2000. This is crucial to the validity of the conviction on the first five counts of the indictment. If the first sexual encounter was in 1999, the victim would have been twelve years old, but if it occurred in 2000, she would have been thirteen years old. However, she was not certain as to whether it was 1999 or 2000. Because the State failed to overcome this uncertainty, we sustain the first two assigned errors and reverse convictions for counts one through five.
Id. at ¶ 26.
 {¶ 25} Given the similarity in facts, we are persuaded by the court's reasoning in Tiderman. Here, the state failed to prove that R.B. was under the age of 13 at the time the incident alleged in count ten took place, and such was "crucial to the validity of the *Page 12 
conviction" on this count. Id. Cf. State v. Crosky, Franklin App. No. 06AP-655, 2008-Ohio-145, at ¶ 48 (demonstration that the victim was under the age of 13 becomes an issue when age is disputed); State v.Hurd, Trumbull App. No. 2001-T-0086, 2002-Ohio-7163, at ¶ 30 (noting that age of victim is essential when "there is an issue of whether [the victim] had reached the age of thirteen when the abuse occurred"). Appellant's fifth assignment of error is sustained. Accordingly, we reverse appellant's conviction on count ten.
 SIXTH ASSIGNMENT OF ERROR: APPELLANT'S CONVICTIONS ON COUNTS THREE, FOUR, FIVE, SIX, SEVEN AND NINE WERE NOT SUPPORTED BY LEGALLY SUFFICIENT EVIDENCE.
 {¶ 26} Employing the sufficiency of the evidence standard set forth in our analysis of appellant's fifth assignment of error, we believe that the state presented sufficient evidence from which a jury could conclude, beyond a reasonable doubt, that appellant committed the rapes alleged in the above referenced counts. Rape is defined in R.C. 2907.02(A)(1) as "sexual conduct with another * * * less than thirteen years of age." R.C. 2907.02(A)(1)(b). The gravamen of appellant's argument is that the evidence adduced at trial did not correlate to the specific counts of the indictment, and, without evidence relating to exact dates and specific details relative to each count, there is no basis to support his convictions.
 {¶ 27} At this juncture, we note the difficulties inherent in prosecuting cases of child abuse, especially cases involving a pattern of abuse occurring over years involving persons who reside in the same household. Often times, the victims are young and unable to remember exact dates and times of particular events, particularly where the *Page 13 
abuse is alleged to have occurred over an extended period of time, such as in the case at bar. See State v. Mundy (1994), 99 Ohio App.3d 275,296. Further, the exact date and time is not an essential element of these offenses. State v. Adams, Erie App No. E-03-042, 2004-Ohio-4673, at ¶ 14. Thus, a reasonable degree of latitude and inexactitude is allowed with respect to the timing of the offense. It is sufficient to prove that the alleged offense occurred at or about the time charged.State v. Reinhardt, Franklin App. No. 04AP-116, 2004-Ohio-6443, at ¶ 20, citing State v. Madden (1984), 15 Ohio App.3d 130, 131. The question presented by this assignment of error is whether or not the state presented sufficient evidence demonstrating that appellant engaged in sexual contact with R.B. within the period of time alleged in the various counts of the indictment.
 {¶ 28} In counts three and four, the state alleged that appellant engaged in vaginal and anal intercourse with R.B. between March 17, 1995 and March 17, 1996, when R.B. was between five and six years of age. R.B. testified that appellant began sexually abusing her when she was around five or six years old and was in kindergarten the first time he put his penis in her vagina. She believes the first incident took place when she was living at Bolivar Arms. R.B. testified to another incident during the time frame covered by these counts when appellant bought R.B. and her brother a meal at McDonald's and then took them back to his apartment. There, R.B. stated that she and her brother fell asleep, appellant woke her up and told her to come to his bedroom with him so that they could watch her favorite movie, "Pocahantas." During this incident, appellant inserted his penis into her vagina. With respect to the allegation that appellant had anal intercourse with R.B., she testified at trial that every time appellant had vaginal intercourse with her, he also had anal intercourse with her. Although there was conflicting *Page 14 
testimony given by Marshall, such evidence has no bearing on the sufficiency of the evidence regarding the allegation. As set forth, this testimony is sufficient evidence for a trier of fact to find that appellant had sexual contact with R.B. as alleged in counts three and four.
 {¶ 29} In count five, the state alleged that appellant engaged in vaginal intercourse with R.B. between August 1, 1997 and June 1, 1999, when R.B. was between seven and nine years old. R.B. testified that when she was in either the second or third grade, she had a friend over to play. While her friend was downstairs watching television, R.B. was upstairs in appellant's bedroom and he inserted his penis into her vagina. R.B.'s testimony is sufficient evidence for a trier of fact to find that appellant had engaged in sexual conduct with her as alleged in count five.
 {¶ 30} In count six, the state alleged that appellant engaged in vaginal intercourse with R.B. between February 1, 1998 and June 1, 2000, when R.B. was between eight and ten years of age. R.B. testified that that she was in either the fourth or the fifth grade when appellant had vaginal intercourse with her. She recalled the incident because she testified that the next day when she went to school she could not concentrate and was confused about what had happened the previous evening. R.B. also recounted that appellant had vaginal intercourse with her while watching a "South Park" movie. We find this testimony is sufficient evidence for a trier of fact to find that appellant had sexual contact with R.B. as alleged in count six.
 {¶ 31} In count seven, the state alleged that appellant engaged in vaginal intercourse with R.B. between August 1, 2001 and March 13, 2003, when R.B. was between 11 and 13 years old. And, in count nine, the state alleged that appellant *Page 15 
engaged in vaginal intercourse with R.B. between August 1, 2002 and March 16, 2003, when R.B. was between 12 and 13 years of age. As opposed to the aforementioned counts, we find counts seven and nine are problematic due to lack of detail. R.B.'s testimony that vaginal intercourse happened "too many times to count" (Tr. 261) falls short of placing the events within or even in the near proximity of the time frames alleged in the indictment. Succinctly stated, we find such testimony exceeds the outer limits of sufficiency.
 {¶ 32} In summary, we find that appellant's convictions for rape on counts three, four, five, and six are supported by sufficient evidence, and we find that appellant's convictions on counts seven and nine were not supported by sufficient evidence. Accordingly, we overrule in part and sustain in part appellant's sixth assignment of error.
 SEVENTH ASSIGNMENT OF ERROR: THE COURT ERRONEOUSLY OVERRULED APPELLANT'S MOTIONS FOR ACQUITTAL PURSUANT TO CRIMINAL RULE 29.
 {¶ 33} In this assignment of error, appellant challenges the trial court's denial of his motions pursuant to Crim. R. 29(A), (B), and (C). A trial court grants a Crim. R. 29 motion for acquittal if the evidence is insufficient to sustain a conviction. Columbus v. Myles, Franklin App. No. 04AP-1255, 2005-Ohio-3933, at ¶ 17; State v. Woodward, Franklin App. No. 03AP-398, 2004-Ohio-4418, at ¶ 11; Crim. R. 29. Conversely, a trial court shall not grant a motion for acquittal if reasonable minds can reach different conclusions as to whether the prosecution has proved each material element beyond a reasonable doubt. Woodward at ¶ 11;Myles at ¶ 17. In considering a motion for acquittal, the trial court must construe the evidence in a light most favorable to the prosecution.Woodward at ¶ 11; Myles at ¶ 17. *Page 16 
 {¶ 34} We apply de novo review to the trial court's decision on a Crim. R. 29 motion for acquittal. Id. at ¶ 18. We will only reverse a trial court's decision to deny a motion for acquittal if, after viewing the evidence in a light most favorable to the prosecution, we conclude that reasonable minds could only reach the conclusion that the evidence failed to prove all the elements of the crime beyond a reasonable doubt. Id.
 {¶ 35} A motion for acquittal focuses on the legal sufficiency of the evidence, not its weight or credibility. Id. at ¶ 19; State v.Harcourt (1988), 46 Ohio App.3d 52, 56. Therefore, in reviewing a trial court's decision to deny a motion for acquittal, "`our analysis of the evidence focuses not upon its weight or credibility * * * but rather its quantitative sufficiency to establish beyond a reasonable doubt each element of the offense.'" State v. Jackson (Feb. 20, 2001), Franklin App. No. 00AP-183, quoting State v. Kline (1983), 11 Ohio App.3d 208,213; see, also, State v. Carlisle (Oct. 7, 1997), Lawrence App. No. 97 CA 13, citing Thompkins, supra (acknowledging that the appellate court does not address the issue of whether it should believe the evidence when reviewing the sufficiency of such evidence).
 {¶ 36} Against the above standard, we first note that because appellant was not convicted on counts one and two, his arguments regarding these two counts are moot. State v. Williams (1996),74 Ohio St.3d 569, 576. And, any error regarding counts seven, nine, and ten have been rendered moot by our disposition regarding the same. With respect to counts three, four, five, and six, based on our previous determination that there was sufficient evidence to support appellant's convictions on these counts, we do not find the trial court erred in denying appellant's Crim. R. 29 motions. Thus, appellant's seventh assignment of error is overruled. *Page 17 
 EIGHTH ASSIGNMENT OF ERROR: APPELLANT'S CONVICTIONS WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 {¶ 37} In this assignment of error, appellant asserts that his convictions are against the manifest weight of the evidence. Appellant advances the same general argument that he asserted in his sixth assignment of error, that being the state failed to produce specific evidence relating to each count of rape for which appellant was convicted. Having previously addressed counts seven, nine, and ten, our discussion below focuses on appellant's convictions as to the other counts.
 {¶ 38} The weight of the evidence concerns the inclination of the greater amount of credible evidence offered to support one side of the issue rather than the other. State v. Brindley, Franklin App. No. 01AP-926, 2002-Ohio-2425, at ¶ 16. When presented with a challenge to the manifest weight of the evidence, an appellate court, after "`reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered."'Thompkins, supra, at 387, quoting State v. Martin (1983),20 Ohio App.3d 172, 175. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most "`exceptional case in which the evidence weighs heavily against the conviction.'" Id.
 {¶ 39} A defendant is not entitled to a reversal on manifest-weight grounds merely because inconsistent evidence was presented at trial.State v. Raver, Franklin App. No. 02AP-604, 2003-Ohio-958, at ¶ 21. The trier of fact is free to believe or disbelieve all or *Page 18 
any of the testimony. State v. Jackson, Franklin App. No. 01AP-973, 2002-Ohio-1257; State v. Sheppard (Oct. 12, 2001), Hamilton App. No. C-000553. The trier of fact is in the best position to take into account inconsistencies, along with the witnesses' manner and demeanor, and determine whether the witnesses' testimony is credible. State v.Williams, Franklin App. No. 02AP-35, 2002-Ohio-4503, at ¶ 58; State v.Clarke (Sept. 25, 2001), Franklin App. No. 01AP-194. Consequently, although an appellate court must act as a "thirteenth juror" when considering whether the manifest weight of the evidence requires reversal, it must also give great deference to the fact finder's determination of the witnesses' credibility. State v. Covington, Franklin App. No. 02AP-245, 2002-Ohio-7037, at ¶ 28; State v.Hairston, Franklin App. No. 01AP-1393, 2002-Ohio-4491, at ¶ 74.
 {¶ 40} Based upon our review of the record, despite R.B.'s failure to give specific, detailed information regarding each count, the jury heard her testimony firsthand and could evaluate her credibility. We cannot say that the jury clearly lost its way in making this decision. While R.B. was not very specific in describing the criminal conduct, her testimony was generally consistent, and we cannot say that the jury's verdict reflected a manifest miscarriage of justice. The jury obviously chose to believe R.B.'s accusations and disbelieve appellant's denials. This was within the province of the jury, and, as such, we overrule appellant's eighth assignment of error.
 NINTH ASSIGNMENT OF ERROR: COUNSEL'S OMISSIONS IN PURSUING THE POST-VERDICT MOTIONS FOR ACQUITTAL AND FOR A NEW TRIAL, AND IN RELATION TO SENTENCING, DENIED APPELLANT HIS SIXTH AMENDMENT AND ARTICLE I, SECTION 10 RIGHT TO THE EFFECTIVE ASSISTANCE OF COUNSEL. *Page 19 
 {¶ 41} In this assignment of error, appellant asserts that his trial counsel was deficient with respect to her handling of his post-verdict motion for acquittal, and "identifying changes in the law over the period of the indictment as they related to sentencing." (Appellant's brief at 36.) In evaluating an ineffective assistance of counsel claim, we must employ the two-step process as described in Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. First, the court must determine whether there was a "substantial violation of any of defense counsel's essential duties to his client." State v. Bradley
(1989), 42 Ohio St.3d 136, 141; State v. Lytle (1976),48 Ohio St.2d 391, 396, vacated in part on other grounds, 438 U.S. 910, 98 S.Ct. 3135. Second, the court must determine if prejudice resulted to the defendant from counsel's ineffectiveness. Bradley, at 141-142, citingLytle, at 396-397. Prejudice exists where there is a reasonable probability that the trial result would have been different but for the alleged deficiencies of counsel. Id., at paragraph three of the syllabus. Appellant bears the burden of proof and must show that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." State v. Colon, Summit App. No. 20949, 2002-Ohio-3985, at ¶ 48, quoting Strickland, supra.
 {¶ 42} As previously explained in resolving appellant's fifth, sixth, and eighth assignments of error, with the exception of counts seven, nine, and ten, we concluded that appellant's convictions on counts three, four, five, and six were supported by sufficient evidence and not against the manifest weight of the evidence. Thus, we fail to find that appellant's counsel was ineffective, and further note that our disposition of counts seven, nine, and ten do not serve as a basis for ineffective assistance. In addition, given our disposition of appellant's first and second assignment of error, we likewise do not find *Page 20 
that appellant's counsel was ineffective with respect to those issues. Thus, appellant's ninth assignment of error is overruled.
 {¶ 43} To summarize, we sustain appellant's first and fifth assignments of error, sustain in part and overrule in part appellant's sixth assignment of error, and overrule appellant's remaining assignments of error. Accordingly, appellant's convictions on counts seven, nine, and ten are reversed, and his convictions on counts three, four, five, and six are affirmed. The judgment of the Franklin County Court of Common Pleas is affirmed in part and reversed in part, and this matter is remanded to that court to resentence appellant on counts three through six.
Judgment affirmed in part, reversed in part, and cause remanded withinstructions.
BRYANT and TYACK, JJ., concur.
[1] Initials have been used for purposes of anonymity.
[2] R.B.'s mother, as well as appellant, had been diagnosed with and treated for trichomonas in the past.
[3] Child advocacy centers, such as the Child and Family Advocacy Center at Children's Hospital, were established in 2005 by the adoption of R.C. 2151.425 through 2151.428. These statutes authorize collaboration between children services agencies, local law enforcement, prosecutors, and other appropriate entities through a memorandum of understanding. Local law enforcement and prosecutors are permitted to access information at the centers when investigating alleged abuse. This collaboration does not make the centers' employees agents of the police when providing services to alleged victims of sexual abuse.
[4] According to the state, appellant should be resentenced as follows: "[f]or counts three and four he should receive the pre-Senate Bill 2 indeterminate sentence. For counts five and six, he should be sentenced to a definite term between three and ten years." (The state's brief at 3.)
[5] Evid. R. 705 provides, "[t]he expert may testify in terms of opinion or inference and give the expert's reasons therefor after disclosure of the underlying facts or data. The disclosure may be in response to a hypothetical question or otherwise."
[6] The hearsay exception found in Evid. R. 803(4) extends to "[s]tatements made for purposes of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source thereof insofar as reasonably pertinent to diagnosis or treatment." *Page 1